UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| TIMOTHY FARRIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil No. 7:18-cv-00073-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ANDREW SAUL, | ) | **&** |
| Commissioner of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Timothy Farris brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of an administrative decision of the Commissioner of Social Security denying Farris's application for supplemental security income (SSI). The Court, having reviewed the record and for the reasons set forth herein, will DENY Mr. Farris's Motion for Summary Judgment [R. 7] and GRANT that of the Commissioner. [R. 11].

**I**

Plaintiff Timothy Farris filed his current application for SSI in November 2013, alleging disability as of December 1, 1997. [Tr. 471.] He later amended the onset date to March 19, 2014. *Id.* In September 2015, a prior ALJ issued a favorable decision to Mr. Farris, granting SSI benefits. [Tr. 223.] However, the appeals council remanded the case for further administrative proceedings. After remand, two administrative hearings were held. [Tr. 71–95, 96–131.] In January 2018, the ALJ issued a decision finding that Mr. Farris was not disabled under the act, and denied SSI benefits. [Tr. 39–70.] This appeal followed.

In evaluating a claim of disability, an ALJ conducts a five-step analysis. *See* 20 C.F.R. § 416.920.[1] First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 416.920(a)(4)(i). Second, if a claimant does not have any impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 416.920(a)(4)(iii). Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which is an assessment of one's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1545. Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past relevant work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 416.920(a)(4)(v).

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

In this case, at Step 1, the ALJ found that Mr. Farris had not engaged in substantial gainful activity since March 19, 2014, the amended onset date. [Tr. 43.] At Step 2, the ALJ found that Mr. Farris has several severe impairments, specifically: "obesity; osteoarthritis; bursitis and mild degenerative joint disease of the knees; history of medial meniscus tear of the right knee, status-post arthroscopic repair; degenerative disc disease and spondylosis of the cervical spine and lumbar spine; spina bifida, chronic obstructive pulmonary disease; coronary artery disease, status-post percutaneous coronary intervention; diabetes mellitus with neuropathy; depression; and anxiety disorder." *Id.* At Step 3, the ALJ found that Mr. Farris did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. In reaching this conclusion, the ALJ considered several listings, including 1.04, 12.04, and 12.06. At Step 4, the ALJ considered the entire record and determined that Mr. Farris had the residual functional capacity to perform light exertion work with some postural, manipulative, environmental and mental limitations.

Finally, at Step 5, the ALJ found that Mr. Farris is unable to perform his past relevant work as a truck driver. The ALJ credit the hearing testimony of vocational expert that, considering Mr. Farris's age, education, and RFC, there are a significant number of jobs in the national economy that Mr. Farris could perform. [Tr. 61.] These include garment bagger, routing clerk, inspector, and sorter. *Id.* The Appeals Council declined to review the ALJ's decision [Tr. 1–5], and Mr. Farris now seeks judicial review in this Court.

**II**

This Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th

Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

## A

The arguments Mr. Farris raises in his motion for summary judgment are not particularly clear. However, he seems to argue that the ALJ erred in not finding that certain or Mr. Farris's severe impairments met or medically exceeded the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [*See* R. 7.] According to his motion, "Timothy Farris suffers from spina bifida, degenerative disc disease and degenerative joint disease. It is our

position because of the multiple cervical and lumbar impairments that Mr. Farris meets or exceeds any listing requirement under 1.04 of the Social Security Act." *Id.* at 2. Mr. Farris also asserts that his depression meets listing 12.04 and his anxiety meets listing 12.06. The rest of the motion is a recitation of Mr. Farris's ailments and ongoing treatment.

"[N]either the listings nor the Sixth Circuit require the ALJ to 'address every listing' or 'to discuss listings that the applicant clearly does not meet.'" *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (quoting *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013)). The ALJ need only discuss the relevant listing when "the record raises 'a substantial question as to whether [the claimant] could qualify as disabled' under a listing." *Id.* (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). In order to raise a "substantial question," a claimant must "point to specific evidence that demonstrates that he reasonably could meet or equal *every* requirement of the listing." *Id.* (citations omitted) (emphasis added).

The ALJ expressly considered sections 1.04, 12.04 and 12.06 in his written decision. [Tr. 44.] With respect to section 1.04, the ALJ stated "the examining and treating physicians' reports show the claimant does not have the ambulatory deficits described in Sections 1.00(B)(2)(b) and 1.00(B)(2)(c). . . . Furthermore, there is no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, resulting in pseudoclaudication, as required by Section 1.04." Mr. Farris does not explain *why* his impairments should be found to meet the requirements of Section 1.04, but simply states that they should.

As to Sections 12.04 and 12.06, the ALJ considered Mr. Farris's depression and anxiety "singly and in combination." [Tr. 47.] The ALJ proceeded step by step through the "paragraph B" criteria. *Id.* In understanding, remembering, or applying information, the ALJ found Mr.

5

Farris has only a mild limitation. *Id.* Although Mr. Farris reports having trouble remembering, he exhibited normal memory during evaluations. In interacting with others, the ALJ found Mr. Farris has a moderate limitation based on Mr. Farris's reports that he does not like to be around others and avoids contact with others. *Id.* However, Mr. Farris reportedly gets along with his neighbors and friends, and the consultative examiner noted he was cooperative and made good eye contact during an appointment in March 2017. With regard to concentrating, persisting, or maintaining pace, the ALJ found Mr. Farris had a moderate limitation. Mr. Farris reports he has trouble completing tasks, but the record indicates he can pay bills, count change, and use a checkbook, and a psychiatrist who examined Mr. Farris noted no evidence of distractibility. *Id.* Finally, the ALJ found Mr. Farris had only a mild limitation with adapting or managing oneself. *Id.* He needs help with personal care, but is able to use public transport and the postal service as well as attend appointments. Ultimately, the ALJ found the paragraph B criteria were not met.

Overall, the ALJ's analysis under Step 3 was extremely thorough. The listings raised by Mr. Farris are just a few of the listings the ALJ considered in his written opinion. While Mr. Farris objects to the ALJ's conclusions, he has not shown that those conclusions are not supported by substantial evidence.

**B**

Next, Mr. Farris ostensibly argues that the ALJ's decision is not supported by substantial evidence. Mr. Farris states only that "this decision is not based on substantial evidence as required by 42 U.S.C. § 405(g)[.]" Other than objecting to the ALJ's findings regarding the listing requirements, Mr. Farris makes no argument about how, specifically, the ALJ's findings are not based on substantial evidence. Rather, Mr. Farris's motion summarizes his medical history and makes conclusory statements about his disability.

When a claimant merely refers to issues "in a perfunctory manner, unaccompanied by some effort at developed argumentation," the issue is "deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (citations and internal quotation marks omitted); *see also Hicks v. Astrue,* 2010 WL 399099, *3 (E.D. Ky. Jan. 26, 2010) (deeming claimant's argument waived because claimant "merely provid[ed] . . . conclusory statements that the ALJ's findings [were] incorrect" without any additional explanation); *see also Macielak v. Comm'r of Soc. Sec.*, No. 13-CV-10148, 2013 WL 6839292, at *11 (E.D. Mich. Dec. 27, 2013) (deeming claimant's argument that the ALJ failed to properly discount her subjective allegations because the Plaintiff "merely mention[ed] [them] perfunctorily without developing an argument"). "The court is under no obligation to scour the record for errors not identified by [the] claimant." *Pawloski v. Comm'r of Soc. Sec.*, No. 13-11445, 2014 WL 3767836, at *6 (E.D. Mich. July 31, 2014) (citations and internal quotation marks omitted). Mr. Farris's perfunctory and undeveloped argument on this point therefore deemed waived.

### III

Importantly, the Court must uphold the ALJ's decision even if the Court would weigh the evidence differently, and even if substantial evidence also supports Mr. Farris's arguments. *See Ulman*, 693 F.3d at 714; *McMahon*, 499 F.3d at 509. While substantial evidence may, therefore, support some of Mr. Farris's positions, he has not demonstrated that the ALJ's decision was not also supported by substantial evidence or that the ALJ failed to follow applicable procedural rules. For the reasons discussed above, the Court denies the motion for summary judgment filed by Mr. Farris but grants summary judgment in favor of the Commissioner.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment [**R. 7**] is **DENIED**;

2. Defendant's Motion for Summary Judgment [**R. 11**] is **GRANTED**; and

3. **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 16th day of March, 2020.

Gregory F. Van Tatenhove
United States District Judge